**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 10, 2015

LETTER TO COUNSEL

      RE:    *Meka Suszan Robbins v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-3326

Dear Counsel:

      On October 23, 2014, Plaintiff Meka Suszan Robbins petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Robbins's reply. (ECF Nos. 18, 21, 23). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

      Ms. Robbins protectively filed her claims for benefits on September 30, 2010, alleging a disability onset date of August 23, 2010. (Tr. 12). Her claims were denied initially and on reconsideration. *Id.* An Administrative Law Judge ("ALJ") held a hearing on May 2, 2013. (Tr. 573-610). Following the hearing, the ALJ determined that Ms. Robbins was disabled from her alleged onset date through August 2, 2012, but due to medical improvement, was not disabled thereafter. (Tr. 9-32). Ms. Robbins appealed the ALJ's decision that she was no longer disabled as of August 2, 2012. The Appeals Council denied Ms. Robbins's request for review, (Tr. 5-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Robbins suffered from the severe impairments of obesity, degenerative disc disease of the cervical and lumbar spines, status post cervical decompression and fusion at levels C5-6, adnexal cysts, status post hysterectomy, bilateral varicose veins, status post right leg EndoVnus closure with selective vein excisions, rheumatoid arthritis, synovitis, and depression. (Tr. 16). The ALJ found that those severe impairments rendered Ms. Robbins disabled from August 23, 2010 through August 2, 2012. (Tr. 16-22). While the ALJ determined that Ms. Robbins suffered from the same severe impairments after August 2, 2012, he found medical improvement as of that date. (Tr. 22-23). Thus, the ALJ determined that after August 2, 2012, despite the severe impairments, Ms. Robbins retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She is able to frequently operate foot controls with the left foot, occasionally operate foot controls with the right foot, climb ramps and stairs, balance, and stoop. She is never able to climb ladders, ropes, and scaffolding, kneel, and crawl. She is able to frequently rotate, flex, and extend the neck. She must avoid concentrated exposure to temperature extremes, excessive vibration, hazardous moving machinery, and unprotected heights. She can only perform simple, routine, repetitive tasks, in a low stress (no strict production quotas) work, involving occasional and superficial contact with supervisors, co-workers, and the general public.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Robbins could perform several jobs existing in significant numbers in the national economy and that, therefore, she was not disabled after August 2, 2012. (Tr. 31).

Ms. Robbins raises two primary arguments on appeal, contending (1) that the ALJ failed to comply with the Fourth Circuit's decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ did not appropriately evaluate the effects of her fibromyalgia. While the problem is not directly implicated by *Mascio,* I find that the ALJ erred in the application of the special technique for evaluating mental impairments and I further agree that the ALJ erred in his evaluation of Ms. Robbins's fibromyalgia. Remand is therefore appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Robbins is not entitled to benefits is correct or incorrect.

First, at step three, the ALJ erred in application of the special technique for evaluating mental impairments. That technique is set forth in 20 C.F.R. § 404.1520a. The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

Although the ALJ outlined the special technique here, inadequate analysis was provided. In fact, the entire analysis consisted of the following conclusory paragraph:

> In activities of daily living, beginning August 3, 2012, the claimant has mild restriction. In social functioning, beginning August 3, 2012, the claimant has moderate difficulties. With regard to concentration, persistence or pace, beginning August 3, 2012, the claimant has moderate difficulties. As for episodes of decompensation, beginning August 3, 2012, the claimant has experienced no episodes of decompensation, which have been of extended duration.

(Tr. 23). The ALJ simply stated the degree of functional limitation in each area, with no citation to the evidence of record or explanation of the reasons for each finding. *Id.* In light of the complete failure of explanation, remand is warranted for an adequate application of the special technique.[1]

In addition, the ALJ appears to have rejected Ms. Robbins's complaints of disabling pain from fibromyalgia after August 2, 2012, largely relying upon certain findings made upon physical examinations. (Tr. 23-24). That analysis does not take into account the fact that fibromyalgia is difficult to corroborate through specific objective findings. *See, e.g. Gavigan v. Barnhart,* 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."). Additionally, the nature of fibromyalgia means that a patient's ability to perform certain tasks or postural maneuvers on a given day does not necessarily reflect an ability to perform those tasks and maneuvers on a sustained basis. Social Security Ruling ("SSR") 12–2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. SSR 12–2p, 2012 WL 3104869 (July 15, 2012). It emphasizes consideration of the "longitudinal record" of fibromyalgia "whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, at *6. Thus, the fact that Ms. Robbins had no signs of swelling, redness, or synovitis at various examinations does not disprove her allegations of persistent pain, particularly because swelling, redness, and synovitis are symptoms more often aligned with rheumatoid arthritis than fibromyalgia. Moreover, there is medical evidence in this case to substantiate Ms. Robbins's allegations that fibromyalgia was causing her pain after August 2, 2012. *See, e.g.,* (Tr. 456) (August 3, 2012 note that "patient's pain is not adequately controlled"); (Tr. 510) (December 11, 2012 note that current symptoms of "pain all over" "are more like fibromyalgia than seronegative RA activity"); (Tr. 515-58) (January 15, 2013 note that "fibromyalgia may be causing the most problems at this point"). On remand, the ALJ should provide a more extensive explanation of his consideration of Ms. Robbins's physical impairments from fibromyalgia, her credibility regarding her description of those impairments, and the effect, if any, of those conditions on her ability to sustain the demands of full time employment.[2]

---

[1] Had the ALJ provided adequate support for his finding of moderate limitations in concentration, persistence, and pace, it is likely that his RFC assessment would have survived scrutiny under *Mascio*. The ALJ included a restriction to work that is "low stress (no strict production quotas)," which in many cases adequately addresses a moderately impaired ability to sustain concentration, persistence, and pace. (Tr. 25).

[2] While not an independent cause for remand, I note that the ALJ's handling of fibromyalgia at Step Two is somewhat puzzling. The ALJ stated that "the symptoms associated with her fibromyalgia are better aligned with other impairments," (Tr. 16), but does not specify which other impairment or impairments would involve the same symptoms as fibromyalgia. Clearly, Ms. Robbins's doctors diagnosed her with fibromyalgia because it is an independent medical condition. Had they believed her symptoms "better aligned" with other impairments, they presumably would not have made the fibromyalgia diagnosis. Thus, the finding that Ms. Robbins's fibromyalgia was not severe was not sufficiently explained, and should be remedied on remand.

*Meka Suszan Robbins v. Commissioner, Social Security Administration*
Civil No. SAG-14-3326
December 10, 2015
Page 4

Finally, with respect to the ALJ's credibility analysis, he found Ms. Robbins's allegations of pain after August 2, 2012 to be less than credible. He cited only one specific example from her testimony, dealing with an apparent contradiction about whether she drives her children to and from school on a daily basis. (Tr. 29). The evidence relating to that particular activity appears to have changed over time. On remand, the ALJ should provide a more precise evaluation of credibility, specifically focusing on the period beginning August 3, 2012.

For the reasons set forth herein, Ms. Robbins's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED. The ALJ's opinion is REVERSED IN PART as described above, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 205(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge